Thomas EISTRAT, Appellant,

v.

MASSACHUSETTS BONDING & INSURANCE COMPANY, as Surety for Tom G. Jones, Bankrupt, Appellee.

No. 14345.

United States Court of Appeals Ninth Circuit.

Aug. 1, 1955.

Alvin Gershenson, Beverly Hills, Cal., Bertram S. Harris, Los Angeles, Cal., for appellant.

Dustin N. Jameson, Bakersfield, Cal., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and TAYLOR, District Judge.

TAYLOR, District Judge.

On June 24, 1949, Tom G. Jones filed his Petition for an Arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. On the same day the Bankrupt Jones obtained an ex parte restraining order from the Referee in Bankruptcy, enjoining appellant from entering land of appellant, further proceeding in an action pending in the Superior Court of Tulare County, California, and from interfering with the conduct of the business operations of Bankrupt Jones.

Appellant thereafter petitioned the District Court for an order to dissolve said restraining order, which was denied by said Court on July 15, 1949. The order denying the petition required Bankrupt Jones to file a surety bond in the sum of $2500.00 to indemnify appellant against loss from the operations of Jones. Said order provided that the bond remain in effect from the date thereof to the time of the first meeting of creditors. The first meeting of creditors was scheduled for August 12, 1949, but on that date it was continued until September 9, 1949, and the bankrupt continued his operations until said date.

The bond with appellee as surety was filed on July 16, 1949, for the period from July 15, 1949, to August 15, 1949. The bond was not approved by the Court prior to or at the time of its filing. The record does not indicate the appellant raised any objection to the terms of said bond and the validity thereof is not in question.

Originally, appellant moved for a summary judgment which motion was converted into an action against appellee by stipulation entered into in open court. Thereafter, trial was had and judgment rendered and filed against appellee in the amount of $500.00 on February 1, 1954.

Appellant contends that the Surety Bond was in effect until the Restraining Order was dissolved on October 1, 1951, or at least until the first meeting of creditors held on September 9, 1949, and was not limited to the period between July 15, 1949, and August 15, 1949, as specified in said Bond. With this contention this Court cannot agree. The appellee specifically limited its liability to said period of time and no objection was made thereto by appellant. Cf. 50 Am.Jur. Suretyship, §§ 31 and 32. Furthermore, in appellant's closing brief filed in the trial court on May 23, 1953, designated as part of the record here, in paragraph II, page 2, appellant stated as follows: "The surety states in paragraph II that the surety is only liable for the damages that occurred during the July 15, 1949 to August 15, 1949 period. Claimants concur in that statement."

Appellant also contends that he is entitled to damages in excess of the amount found by the trial court. However, a transcript of the evidence from which the court made its findings is not a part of the record on appeal. This Court, therefore, cannot review that finding.

Judgment affirmed with costs to appellee.